<div style="float:left">**UNITED STATES DISTRICT COURT**
**For the Northern District of California**</div>

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco

| | |
|---|---|
| JOHN LARKIN, | No. C-13-2868 LB |
|             Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEAL** |
| v. | |
| THE HOME DEPOT. INC., | [Re: ECF No. 49] |
|             Defendant | |
| _____/ | |

## INTRODUCTION

Defendant Home Depot U.S.A., Inc., has moved the court (ECF No. 49) to seal certain documents that it filed as exhibits to its summary-judgment motion (ECF No. 45). The documents in question were originally filed as ECF Nos. 45-7, 45-9, 45-10, and 45-11. Home Depot asks the court to seal these documents and to remove the "incorrectly filed" unsealed versions from the docket. The plaintiff has not opposed this motion.

The court expresses no substantive view on whether this material should be sealed. Because Home Depot has not complied with Local Rule 79-5(d), governing how such documents are to be submitted, the court denies without prejudice Home Depot's sealing motion. Home Depot may refile its motion, and submit a corrected version that fully complies with the local rules, by October 27, 2014.

# DISCUSSION

## I. SEALING: BASIC RULE AND THE ERRORS IN HOME DEPOT'S SUBMISSION

Local Rule 79-5 governs sealing motions. Reflecting the applicable case law, that rule states: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Such material is "sealable." *Id.* A motion to seal "must be accompanied" by, among other things, an unredacted version of the material that would be sealed. Civ. L.R. 79-5(d). "The unredacted version *must indicate, by highlighting or other clear method, the portions of the document that have been omitted* from the redacted version . . . ." Civ. L.R. 79-5(d)(1)(D) (emphasis added). The moving party must provide the court with a complete courtesy copy of the motion and all its required components. Civ. L.R. 79-5(d)(2). "The courtesy copy should be an exact copy of what was filed." Civ. L.R. 79-5(d)(2). This means that the courtesy copy of unredacted material "must indicate, by highlighting or other clear method," the content that has been redacted. *See id.* "This rule is designed to ensure that the assigned Judge receives in chambers a confidential copy of the unredacted and complete document, *annotated to identify which portions are sealable* . . . ." Civ. L.R. 79-5(b) *cmt.* (emphasis added).

The moving party must also give the court a "proposed order that is *narrowly tailored* to seal only the sealable material, and which lists *in table format* each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d)(1)(B) (emphases added).

While Home Depot makes a good effort to comply with these rules, the company's motion nonetheless fails to do so in some important ways. These mainly come down to an absence of highlighting (or similar indication) in the unredacted courtesy copies, so that the court cannot "identify which portions are [supposed to be] sealable." Without attempting an exhaustive catalog, the following four examples leapt out on first review. They should alert Home Depot to the kinds of problems at issue, and the sorts of corrections that need to be made.

First, consider ECF No. 49-6 (originally ECF No. 45-7), pages 1-4. Except for some email headers, this material has been deleted entirely from the redacted version. One would thus expect the unredacted version of ECF No. 49-6 to consist mainly of highlighting (indicating a significant

1  amount of deleted text). The unredacted copy in fact has *no* highlighting (or other indication) to
2  identify the deleted content.

3  Another example is ECF No. 49-6 (originally ECF No. 45-7), pages 5-12. This presents a table
4  entitled "US Retail Scorecard." The "unredacted" version of this table is identical to the redacted
5  version. The "unredacted" version has large tabular blocks that say "REDACTED" over fields of
6  empty white space.

7  The same document (ECF No. 49-6, originally ECF No. 45-7) contains another error at pages
8  23-28. Judging from the declaration of Home Depot's attorney (ECF No. 49 at 4; ECF No. 49-1,
9  ¶ 11), these pages contain disciplinary reports on Home Depot employees who are not involved in
10 this lawsuit. That may well be sealable. But the unredacted version contains no highlighting to
11 readily identify which segments are meant to be sealed and which, if any, are not. The same
12 problem continues through the rest of ECF No. 49-6; nothing indicates the material that Home Depot
13 claims is sealable. Judging only from the (absence of) highlighting, no part of this material is
14 supposed to be sealed.

15 Finally, there is ECF No. 49-7 (originally ECF No. 45-9), which contains excerpts from the
16 deposition of plaintiff John Larkin. The unredacted submission again shows no highlighting, or other
17 indication, to show which material is to be sealed.

18 These sorts of errors impede the court in effectively addressing both the sealing motion itself and
19 the summary-judgment motion to which it is connected. To handle both motions expeditiously and
20 effectively, and to safeguard Home Depot's legitimate interests in this information, as well as those
21 of the public in accessing court records, it is necessary — or, at any rate, it is vastly more effective
22 — to be able to look at the documents and know immediately what material is and is not open to the
23 public.

24 **II. FURTHER CONSIDERATIONS**

25 **A. The Proposed Sealing Must Be Narrow**

26 Having pointed out these problems in Home Depot's motion, the court would make two further
27 observations. The first has to do with the narrowness of any proposed sealing. The local rules
28 provide: "The [sealing] request must be narrowly tailored to seek sealing only of sealable material . . .

UNITED STATES DISTRICT COURT
For the Northern District of California

ORDER -- C-13-2868 LB
3

. ." Civ. L. R. 79-5(b). The moving party must accordingly propose a sealing order that is "narrowly tailored" to reach only that material that can be rightly excluded from public access. Civ. L. R. 79-5(d)(1)(B).

This narrowness has little to do with the brevity of the proposed order and everything to do with the amount of material to which it points. The rule, and the case law that lies behind it, require a moving party to be parsimonious in choosing the material that it would seal. The moving party should keep in mind, and its proposed sealing should reflect, the court's responsibility to balance the public's interest in access to judicial documents with the parties' legitimate interest in protecting sensitive material. *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The motion to seal must point to only as much information as is necessary to protect the party's legitimate interest in protecting sensitive material. The proposed sealing cannot be overbroad — especially where the relevant material is connected to a dispositive motion. *Cf. Kamakana*, 447 F.3d at 1179 (emphasizing need to show "compelling reasons" to seal where dispositive motions are involved). The aim is to safeguard genuinely sensitive information while yielding a public record "that has the *minimum redaction necessary* to protect sealable information." Civ. L.R. 79-5(b) cmt. (emphasis added).

### B. The Sealing Argument Cannot Be Boilerplate

Finally, sealing motions must be supported by more than boilerplate assertions that material should be removed from public access. The local rule reflects this: "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Because Home Depot's underlying motion is for summary judgment — because it is a dispositive motion — Home Depot must show "compelling reasons" for sealing the material. *Kamakana*, 447 F.3d at 1178-81. These reasons must "outweigh the general history of access [to court records] and the public policies favoring disclosure," and so overcome the "strong presumption in favor of access." *Id.* at 1178-79. The compelling reasons must be "supported by specific factual findings." *Id.* at 1178. The moving party need not be prolix in this respect. The justification for sealing any specific material can normally be brief. But there must be something more than a formulaic incantation that

certain documents contain commercially sensitive information (or the like). The movant must give the court some usefully descriptive explanation showing why the given material meets the standard for sealing.

\* \* \*

The court acknowledges that Home Depot has done more than merely recite, for example, that the putatively sealable information is "privileged, protectable as a trade secret or otherwuise entitled to protection." The company has offered a better explanation than that. *See* ECF No. 49 at 3-4. Perhaps in connection with appropriate highlighting of the deleted material it will be apparent that, given Home Depot's explanation, this information should be sealed. And maybe there is no narrower tailoring than that which Home Depot has made. Given the current state of the motion, though, the court cannot say.

## CONCLUSION

The court consequently denies Home Depot's motion to seal. This denial is without prejudice. Home Depot may refile its motion in a form that complies fully with Civil Local Rule 79-5. If Home Depot wishes to refile its motion, it must do so by October 27, 2014.

This disposes of ECF No. 49.

**IT IS SO ORDERED.**

Dated: October 21, 2014

_____
LAUREL BEELER
United States Magistrate Judge