UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

JOHN LARKIN,   No. C-13-2868 LB

          Plaintiff,   **ORDER GRANTING PARTIES' MOTIONS TO SEAL**

   v.

THE HOME DEPOT. INC.,   [Re: ECF Nos. 51-53]

          Defendant
_____/

**ORDER**

    The plaintiff and defendant have both moved to seal information. *See* (ECF Nos. 51-53); Civ. L.R. 79-5. The defendant asks the court to seal ECF Nos. 45-07, 45-09, 45-10, and 45-11. The defendant previously filed this material in unsealed form; it now asks the court to remove these documents from the docket as incorrectly filed, or to deem them sealed. The defendant describes these documents as variously containing: "confidential proprietary and trade[-]secret information" concerning the defendant's "business model, strategies, [and] business operations," the disclosure of which would cause the defendant "significant competitive harm"; and the "private employment information" — mainly, negative disciplinary reports — "of third parties not involved in this lawsuit." (ECF No. 51 at 2-5.) The defendant filed this material in support of its pending motion for summary judgment. (ECF No. 45.)

    The plaintiff moves to seal some of the information that it filed in opposing that motion. (ECF Nos. 52-53.) This is mostly information that the defendant has identified as confidential. It consists

*UNITED STATES DISTRICT COURT*
*For the Northern District of California*

mainly of the defendant's financial, business-performance, and other operational data; it also contains information concerning third parties who are not litigants in this case. *See* (ECF No. 53 at 1-4.) The defendant agrees that this material should be sealed. (ECF No. 55.)

Local Rule 79-5 governs sealing motions. Reflecting the applicable case law, that rule states: "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Such material is "sealable." *Id.* The motion must be "narrowly tailored to seal only the sealable material . . . ." Civ. L.R. 79-5(d)(1)(B). The motion to seal must thus point to only as much information as is necessary to protect the party's legitimate interest in protecting sensitive material. The proposed sealing cannot be overbroad — especially where the relevant material is connected to a dispositive motion. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006) (emphasizing need to show "compelling reasons" to seal where dispositive motions are involved). The aim is to safeguard genuinely sensitive information while yielding a public record "that has the minimum redaction necessary to protect sealable information." Civ. L.R. 79-5(b) cmt.

After carefully reviewing the parties' sealing motions, and the target documents, the court finds that the material meets the standard for sealing and that the parties have "narrowly tailored" their redactions to minimize the information that will be kept from the public record. The court therefore grants both parties' motions in their entireties.

The court accordingly seals the following material. From the defendant's motion (ECF No. 51), the following is sealed: the whole of ECF Nos. 45-07, 45-09, 45-10, and 45-11. From the plaintiff's motion (ECF Nos. 52-53) the following is sealed: 1) Portions of Paragraph 31 in ECF No. 54-5, the Declaration of John Larkin in Opposition to Defendant The Home Depot Inc.'s Motion for Summary Judgment; 2) The whole of Exhibits F-M to ECF No. 54-5; 3) Portions of Exhibits F, I, L, and Q to ECF No. 54-1, the Declaration of Heather Conger In Opposition to Defendant The Home Depot Inc.'s Motion for Summary Judgment; and 4) The whole of Exhibits 0 and P to ECF No. 54-1.

Because the court is granting both parties' motions in whole, the parties do not need to do anything further with respect to sealing these documents. *See* Civ. L.R. 79-5(f)(1).

1  This disposes of ECF Nos. 51-53.

2  **IT IS SO ORDERED.**

3  Dated: November 25, 2014

4  _____
   LAUREL BEELER
5  United States Magistrate Judge