UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN LARKIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.,<br><br>    Defendant. | Case No. 13-cv-2868-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT (PUNITIVE DAMAGES)**<br><br>Re: [ECF No. 45] |

## INTRODUCTION

On December 18, 2014, the court denied Home Depot's motion for summary judgment. (*See* ECF Nos. 45 (motion), 63 (order).) Home Depot had sought judgment on all the plaintiff's claims; it specifically moved for summary judgment on the plaintiffs' prayer for punitive damages. (ECF No. 45-1 at 29-30.) In denying summary judgment, the court held that the plaintiff had raised a genuine issue of material fact on basic liability; which is to say, in sum, that the plaintiff could present to a jury his claims of racial discrimination and retaliation. (*See* ECF No. 63 at 17-26.) Home Depot has recently pointed out that the court's order did not address punitive damages. (ECF No. 78.) The company asks the court to rule on that issue. A mandatory settlement conference is fast approaching for the parties, as is trial. (*See id.*) By email to the court, the plaintiff "objects to [Home Depot's] belated, informal request." Should the court be inclined to revisit the punitive-damages issue, the plaintiff asks "to be heard on the matter before a ruling is

ORDER ON SUMM. JMT. (PUNITIVES) – 13-2868 LB

1  issued."

2  Home Depot's unstated premise is correct: From a decision that the plaintiff adduced sufficient
3  proof to withstand summary judgment on basic liability, it does not follow that he adduced
4  sufficient proof to warrant submitting his punitive-damages request to a jury. The requirements for
5  stating a viable punitive-damages request go beyond those needed to erect a triable underlying
6  claim. *See* Cal. Civ. Code § 3294 (punitive-damages elements). The court's summary-judgment
7  order thus did not dispose of Home Depot's motion on punitive damages. The parties briefed the
8  punitive-damages issue in connection with Home Depot's summary-judgment motion. (ECF No.
9  45-1 at 29-30; ECF No. 54 at 26-28; ECF No. 56 at 17-18.) The court sees no need to reopen
10 briefing on the point; it has revisited the parties' previous arguments and the evidence; and it now
11 grants Home Depot's motion for summary judgment on the plaintiff's request for punitive
12 damages.

## GOVERNING LAW

The issue of punitive damages is subject to the usual rules governing summary judgment; the court set these out in its previous order. (ECF No. 63 at 17-18.) Denials of summary judgment, moreover, are interlocutory orders that are not subject to the time restrictions of procedural Rule 60(b). *See, e.g., Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571 (7th Cir.2006) ("[Rule 60(b),] by its terms limited to 'final' judgments or orders, is inapplicable to interlocutory orders.") "The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting in part *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981))); *see also Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1315 (11th Cir.2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order"). The court thus returns to complete its summary-judgment analysis by addressing the issue of punitive damages.

Corporations may be held liable for punitive damages in California law through the malicious

acts or omissions of their employees, but only for the acts or omissions of those employees with sufficient discretion to determine corporate policy. *E.g., Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000). Section 3294(b) of the California Civil Code governs this issue and provides:

> An employer shall not be liable for [punitive] damages pursuant to subdivision [§ 3294](a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice ***must be on the part of an officer, director, or managing agent of the corporation.***

Cal. Civ. Code § 3294(b) (emphasis added). "Managing agents" are those employees who "exercise[ ] substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal.4th 563, 573 (1999). The Supreme Court of California has further explained: "[T]he Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *Id.* at 566-67. "[T]o demonstrate that an employee is a true managing agent under" § 3294(b), "a plaintiff seeking punitive damages would have to show that the employee exercised substantial discretionary authority over significant aspects of a corporation's business." *White*, 21 Cal.4th at 577 (emphasis removed). "The scope of a corporate employee's discretion and authority under [§ 3294(b)'s managing-agent] test is therefore a *question of fact* for decision on a case-by-case basis." *Id.* (emphasis in *White*).

## ANALYSIS

### I. MANAGING AGENT

The plaintiff insists that Mr. Cozy, a Home Depot district manager who oversaw multiple stores and many employees, was a "managing agent" under § 3294(b). More exactly, the plaintiff argues that whether Mr. Cozy was a "managing agent" at least presents a question of fact that cannot be answered on summary judgment. (ECF No. 54 at 27-28.) Home Depot denies that Mr. Cozy was even potentially a "managing agent." (ECF No. 56 at 17-18.) Whatever his domain,

Home Depot points out that he too "had many layers of superiors" and did not himself exercise sufficient authority so that his decisions could be said to determine corporate policy. (*See id.* at 18.)

The analysis in *Davis v. Kiewit Pac. Co.*, 220 Cal. App. 4th 358 (2013) resolves this issue. The appellate court there reversed summary judgment on a request for punitive damages because a fact question existed on whether a "project manager" — who was only the defendant's "highest[-]ranking employee on the [construction] site" where discrimination had allegedly occurred, *id.* at 361 — constituted a "managing agent" under § 3294(b). *Davis*, 220 Cal. App. 4th at 360-61, 365-74. The *Davis* court also found a fact issue in whether the defendant's "equal employment opportunity officer" was a "managing agent" under the punitive-damages statute. *Id.* at 371-73. Like Home Depot, the *Davis* defendant argued that neither of these employees could be "managing agents," as a matter of law, because neither had "substantial discretionary authority over decisions that determine . . . corporate policy." *Id.* at 362. This argument did not sway the appellate court. *Id.* at 365-74.

If these employees were potentially "managing agents" under California law, and if it was reversible error for the *Davis* trial court to take that question from the jury, then the question whether district-manager Cozy was a "managing agent" in this case is also an issue for the jury. Mr. Cozy, after all, had the general management of multiple stores, and so had ostensibly broader authority than either of the putative "managing agents" in *Davis*. (For the court's general discussion of the facts underlying this determination, see ECF No. 63 at 4-16.) From this conclusion it follows *a fortiori* that a jury question also lies in whether Mr. Cozy's superiors, who authorized firing the plaintiff, were "managing agents" under § 3294(b). *See also White*, 21 Cal.4th at 577-78 (zone manager who oversaw 8 stores and 65 employees was managing agent); *Hobbs v. Bateman Eichler, Hill Richards, Inc.*, 164 Cal. App. 3d 174, 193 (1985) (manager of single branch office of securities brokerage was managing agent).

## II. MALICE

The plaintiff's punitive-damages demand founders, however, on the issue of malice. That an employee was fired "in violation of public policy" does not itself justify sending a punitive-

ORDER ON SUMM. JMT. (PUNITIVES) – 13-2868 LB          4

damages demand to a jury. *See, e.g., Scott v. Phoenix Schools, Inc.*, 175 Cal. App. 4th 702 (2009) (affirming wrongful-termination judgment for plaintiff but reversing punitive award). Section 3294 allows punitive damages to be awarded only where there is "clear and convincing evidence" that a corporate employer's "managing agent" has been guilty of "oppression, fraud, or malice." § 3294(a), (b). The parties addressed malice in their summary-judgment briefs. (ECF No. 45-1 at 29-30; ECF No. 54 at 26-28; ECF No. 56 at 17-18.) Section § 3294 defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights . . . of others." § 3294(c)(1). "Clear and convincing evidence" is evidence "sufficient to support a finding of high probability." *Waits v. Frito–Lay, Inc.,* 978 F.2d 1093 (9th Cir. 1992). "The evidence must be so clear as to leave no substantial doubt and *sufficiently strong to command the unhesitating assent of every reasonable mind." Harbison v. Am. Motorists Ins. Co.,* 636 F. Supp. 2d 1030, 1044 (E.D. Cal. 2009) (emphasis added) (quoting *Shade Foods v. Innovative Prods. Sales Mktg., Inc.*, 78 Cal. App. 4th 847, 891 (2000). The "clear and convincing" standard for punitive damages under California law applies to every stage of the litigation process, including summary judgment. *Adams v. Allstate Ins. Co.,* 187 F. Supp. 2d 1219 (C.D. Cal. 2002); *Spinks v. Equity Residential Briarwood Apts.,* 171 Cal. App. 4th 1004 (2009).

    Under the controlling law, and although he has presented viable claims for basic liability, the plaintiff has not adduced "clear and convincing" proof that Home Depot maliciously discriminated against him. "When viewed in a light most favorable to" the plaintiff, "under [the] heightened standard" that California sets for this issue, the most that the evidence demonstrates is that the plaintiff "may or may not have been terminated because of his [race]." *See Evans v. Sears Logistics Servs., Inc.*, 2011 WL 6130885, *16 (E.D. Cal. Dec. 8, 2011) (granting summary judgment against punitive-damages request). There is no direct evidence of racial animus in this case and the court does not think that the circumstantial evidence that quickens the plaintiff's liability claims "is sufficiently strong to command the unhesitating assent of every reasonable mind." *Evans*, 2011 WL 6130885 at *16; *Shade Foods*, 78 Cal. App. 4th at 891. The court therefore grants Home Depot's motion for summary judgment against the plaintiff's request for

punitive damages.

## CONCLUSION

The court amends its previous order (ECF No. 63) and grants Home Depot's motion for summary judgment against the plaintiff's demand for punitive damages.

**IT IS SO ORDERED.**

Dated: March 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge